IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ISAAC MILANZI,

    Petitioner,

v.                                                                            No. 2:26-cv-00068-KG-KK

PAMELA BONDI, et al.,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Isaac Milanzi's pro se Petition for a Writ of Habeas Corpus, Doc. 1, the Government's Response, Doc. 10, and Mr. Milanzi's letter, Doc. 11.[1] The Court denies the petition because Mr. Milanzi has not demonstrated that his removal is not reasonably foreseeable.

*I.    Background*

Petitioner Isaac Milanzi, a native and citizen of South Africa, entered the United States on a temporary B2 visa in 2001. Doc. 10 at 1. On June 12, 2003, an immigration judge ordered Mr. Milanzi removed from the United States after he remained in the country beyond the period authorized by his visa. *Id.* The Board of Immigration Appeals dismissed Mr. Milanzi's appeal of that decision on November 5, 2009, rendering his order of removal final. *Id.* at 2.

Mr. Milanzi alleges that after receiving his removal order in 2009, he "fully complied with" ICE supervision requirements, "signed all documents, applied for passport and travel

---

[1] The Government failed to comply with this Court's deadlines on two occasions in this case. First, it did not respond by the deadline set in the Court's Order to Answer. Doc. 3. After the Court granted the Government an extension of time to file its response, the Government again failed to meet the Court's deadline. The Court ordered the Government to respond by February 23, 2026. Doc. 9. The Government did not file its response until March 5, 2026.

1

document many times," and communicated with the South African Consulate.  Doc. 1-8 at 6.  According to Mr. Milanzi, the Consulate informed him that it could not issue a travel document because his birth certificate could not be located.  *Id.*

On June 6, 2025, Immigrations and Customs Enforcement ("ICE") agents rearrested Mr. Milanzi in Dallas, Texas.  Doc. 1 at 3.  Mr. Milanzi remains in custody at the Otero County Processing Center in Chaparral, New Mexico.  *Id.* at 2.

In its Response, the Government represents that ICE has undertaken efforts to secure a travel document from the South African government to facilitate Mr. Milanzi's removal.  Doc. 10 at 2.  ICE initiated the travel document process in August 2025 and submitted a completed request to the South African Embassy on January 5, 2026.  Doc. 10-1 at 6–7.  The South African Embassy conducted a consular interview with Mr. Milanzi on February 10, 2026, and ICE is currently awaiting a response regarding issuance of the travel document.  *Id.* at 7.

Mr. Milanzi alleges that during the consular interview, the officer again told him that because he had "left the country for more than 10 years," the Consulate could not "provide any travelling documents nor help petitioner come back."  Doc. 11 at 1.

## II.     Legal Standard

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available under § 2241 if a noncitizen's detention "violat[es] the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

"[T]he Government ordinarily secures" a noncitizen's removal during the 90 days after issuing a final order for the person to be removed.  *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1).  During that 90-day removal period, the noncitizen is typically detained.  *Zadvydas*,

533 U.S. at 682.  After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal.  *Id.*; *see* 8 U.S.C. § 1231(a)(6).

Because a statute permitting "indefinite detention of" a noncitizen "would raise" Fifth Amendment due process concerns, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized."  *Zadvydas*, 533 U.S. at 690, 699.  A six-month detention period is presumptively reasonable.  *Id.*  After that, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government "must...rebut that showing" or release the noncitizen.  *Id*. at 701.  "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the reasonably foreseeable future...shrink[s]."  *Id.*  The remedy for a *Zadvydas* claim is generally release of the petitioner under conditions of supervision.  *E.g.*, *Gomez v. Mattos*, 2025 WL 3101994, at *7 (D. Nev.); *Trejo v. Warden of ERO*, 2025 WL 2992187, at *10 (W.D. Tex.); *Douglas v. Baker*, 2025 WL 2997585, at *5 (D. Md.).

## III.    Analysis

Under these principles, Mr. Milanzi's allegations are insufficient to show he is entitled to release.  *Zadvydas* places the burden on the noncitizen to show that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.  533 U.S. at 701.  Mr. Milanzi has not met that burden.  He asserts that consular officials have indicated that travel documents might not be available because his birth certificate could not be located.  *See* Doc. 1-8 at 6; Doc. 11 at 1.  However, the record does not contain confirmation from the South African government that it has refused to issue a travel document or that Mr. Milanzi's removal cannot occur.

To the contrary, the record indicates that efforts to secure Mr. Milanzi's removal are ongoing. According to the Government, ICE submitted a completed travel document request to the South African Embassy on January 5, 2026. Doc. 10-1 at 6–7. The Embassy conducted a consular interview with Mr. Milanzi on February 10, 2026, and ICE is currently awaiting a response regarding issuance of the travel document. *Id.* These steps indicate that the removal process is actively underway and that there are no institutional barriers to Mr. Milanzi's repatriation to South Africa.

On this record, Mr. Milanzi has failed to carry his burden of demonstrating that there is good reason to believe there is no significant likelihood of his removal in the reasonably foreseeable future. Accordingly, he has not shown that his continued detention violates the principles articulated in *Zadvydas*, and he is not entitled to habeas relief.

## IV.   *Conclusion*

The Court denies Mr. Milanzi's habeas petition, Doc. 1, without prejudice. Mr. Milanzi may file a new petition if his detention continues, and his removal is no longer reasonably foreseeable.

/s/Kenneth J. Gonzales\
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.