IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ISAAC MILANZI,

      Petitioner,

v.                                                                      No. 2:26-cv-00068-KG-KK

DORA CASTRO, et al.,

      Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Isaac Milanzi's pro se Motion for Reconsideration, Doc. 14, and the Government's Response, Doc. 24.  For the reasons below, the Court grants Mr. Milanzi's motion and orders his immediate release.

## I.    *Background*

Petitioner Isaac Milanzi, a native and citizen of South Africa, entered the United States on a temporary B2 visa in 2001.  Doc. 10 at 1.  On June 12, 2003, an immigration judge ordered Mr. Milanzi removed from the United States after he remained in the country beyond the period authorized by his visa.  *Id.*  The Board of Immigration Appeals dismissed Mr. Milanzi's appeal of that decision on November 5, 2009, rendering his order of removal final.  *Id.* at 2.

Mr. Milanzi alleges that after receiving his removal order in 2009, he "fully complied with" supervision requirements, "signed all documents, applied for passport and travel document many times," and communicated with the South African Consulate.  Doc. 1-8 at 6.  According to Mr. Milanzi, the Consulate informed him that it could not issue a travel document because his birth certificate could not be located.  *Id.*

On June 6, 2025, Immigration and Customs Enforcement ("ICE") agents rearrested Mr.

Milanzi in Dallas, Texas.  Doc. 1 at 3.  Mr. Milanzi remains in custody at the Otero County Processing Center in Chaparral, New Mexico.  *Id.* at 2.

On March 12, 2026, this Court denied Mr. Milanzi's Petition for Habeas Corpus.  Doc. 12.  The Court concluded that removal was reasonably foreseeable because ICE had undertaken efforts to secure a travel document from the South African government to facilitate Mr. Milanzi's removal.  Doc. 10 at 2.  Specifically, the South African consulate interviewed Mr. Milanzi on February 10, 2026, and ICE was awaiting a response regarding the issuance of a travel document.  *Id.* at 7.

Mr. Milanzi now moves for reconsideration of that Order.  Doc. 14.  He contends that the South African government does not recognize him as a citizen, travel documents have not been issued, and no country is willing to accept him.  *Id.* at 4.

The Court held a hearing on the matter on April 29, 2026.  Doc. 29.  At that hearing, the Government's counsel represented that ICE had been unable to remove Petitioner because South Africa asserted that he is a citizen of Cameroon.  Doc. 28 at 4.  The Government's counsel further argued that Petitioner's removal period had been tolled because Petitioner failed to provide information concerning his alleged Cameroonian citizenship.  *Id.*  Petitioner denied ties to Cameroon.  *Id.*

Based on information learned at the hearing, the Court ordered the Government to file a status report by May 25, 2026, "demonstrating meaningful progress toward effectuating [Mr. Milanzi's] removal."  Doc. 30 at 1–2.  The Order required that the report "include specific steps taken, communications with foreign governments, and the Government's anticipated timeline," and warned that, should the Government fail to make the required showing, the Court would "order Mr. Milanzi's release."  *Id.*

2

The Government filed a status report on May 22, 2026, which included an affidavit from ICE Officer Aaron Hernandez.  Doc. 33-1.  The affidavit states that ICE "is pending a response from the South African Consulate for another interview" and is awaiting "Milanzi to provide evidence of citizenship for South Africa."  *Id.*  ICE claims that it "has made multiple attempts at contacting the South African Embassy but to no avail."  *Id.* at 1.  Mr. Milanzi continues to deny any ties to Cameroon and reports that he has contacted family members to obtain evidence of his South African citizenship.  *Id.*

## II.    *Legal Standards*

### A.    *Motion to Reconsider*

A court may reconsider a motion under Federal Rule of Civil Procedure 59(e) when there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also* Fed. R. Civ. P. 59(e).  A Rule 59(e) motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  *Id.*  "Rule 59(e) motions are not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Castanon v. Cathey*, 976 F.3d 1136, 1141 (10th Cir. 2020) (internal quotation marks and citation omitted).  The decision to grant or deny a Rule 59(e) motion is left to the sound discretion of the trial court.  *See Minshall v. McGraw Hill Broad.*, 323 F.3d 1273, 1287 (10th Cir. 2003).

### B.    *Release under* Zadvydas

"[T]he Government ordinarily secures" a noncitizen's removal during the 90 days after issuing a final order for the person to be removed.  *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1).  During that 90-day removal period, the noncitizen is typically detained.  *Zadvydas*,

533 U.S. at 682.  After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal.  *Id.*; *see* 8 U.S.C. § 1231(a)(6).

Because a statute permitting "indefinite detention of" a noncitizen "would raise" Fifth Amendment due process concerns, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." *Zadvydas*, 533 U.S. at 690, 699.  A six-month detention period is presumptively reasonable.  *Id.*  After that, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government "must...rebut that showing" or release the noncitizen.  *Id.* at 701.  "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the reasonably foreseeable future...shrink[s]." *Id.*  The remedy for a *Zadvydas* claim is generally release of the petitioner under conditions of supervision.  *E.g.*, *Gomez v. Mattos*, 2025 WL 3101994, at *7 (D. Nev.); *Trejo v. Warden of ERO*, 2025 WL 2992187, at *10 (W.D. Tex.); *Douglas v. Baker*, 2025 WL 2997585, at *5 (D. Md.).

## III.    *Analysis*

The Court grants Mr. Milanzi's release because material facts have changed since this Court first considered his case.  *See* Fed. R. Civ. P. 59(e).  To start, Mr. Milanzi has provided good reason to believe that removal is no longer reasonably foreseeable.  Specifically, the Government has detained Mr. Milanzi for an additional two months.  When the Court considered his case in March 2026, Mr. Milanzi had been detained for approximately nine months—now his detention has extended to nearly one year.  *See* Doc. 12.  That period far exceeds the six-month period considered reasonable under *Zadvydas*.  533 U.S. at 699 (2001).  And, because "what counts as the reasonably foreseeable future...shrink[s] as the period of prior postremoval confinement grows," those additional two months are significant.  *Id.*

Next, circumstances have materially changed as to the Government's ability to rebut Mr. Milanzi's showing.  This Court previously found removal reasonably foreseeable because ICE had undertaken efforts to secure a travel document from the South African government.  Doc. 10 at 2.  At that time, ICE was awaiting a response from the South African consulate regarding the issuance of a travel document following a consular interview.  *Id.*  But those efforts were unsuccessful: the consulate could not verify Mr. Milanzi's citizenship and therefore refused to issue a travel document.  Doc. 33-1 at 1–2.  ICE concedes that it "has made multiple attempts at contacting the South African Embassy" for another consular interview, "but to no avail."  *Id.* This development is "new evidence previously unavailable," sufficient to warrant relief under Rule 59(e).  *Servants of the Paraclete*, 204 F.3d at 1012.

Moreover, the Government has failed to effectuate Mr. Milanzi's removal despite additional time.  In its prior Order, this Court directed the Government to outline "specific steps" taken to remove Mr. Milanzi—such as "communications with foreign governments, and the Government's anticipated timeline"—by May 25, 2026.  Doc. 30 at 1–2.  The Order warned that, should the Government fail to do so, the Court would order Mr. Milanzi's release.  *Id.*  That deadline has passed, and the Government has not reported meaningful progress.  Doc. 33-1 at 1–2.  Given Mr. Milanzi's prolonged detention and the Government's continued inability to effectuate removal, release is warranted.

## IV.    *Conclusion*

For the reasons above, the Court grants Mr. Milanzi's motion for reconsideration, Doc. 14.  The Court orders that:

1.  The Government shall release Mr. Milanzi within 24 hours of this Order.  The Government shall not impose any new conditions of release.

2.  The Government is enjoined from redetaining Mr. Milanzi absent a showing that his removal is reasonably foreseeable—such as communications with foreign governments and the Government's anticipated timeline.

3.  The Government shall file a status report within 10 business days of this Order certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.